## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| **Jason Johnson**<br>**1826 Red Bird Road**<br>**Madison, Ohio 44057**<br><br><br>**Plaintiff,**<br>**v.**<br><br>**Commercial Recovery Systems, Inc.**<br>**8035 RL Thornton Freeway, Suite 220**<br>**Dallas, Texas 75228**<br><br><br>**and**<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | **CASE NO.:  1:13-cv-00765**<br><br><br><br><br>**JUDGE**<br><br><br><br>**COMPLAINT**<br><br><br><br><br>**A Trial by the Maximum Number of Jurors**<br>**is hereby Demanded** |

Here comes Plaintiff Jason Johnson, (hereinafter "Plaintiff") and sets forth a *Complaint*

against Defendant Commercial Recovery Systems, Inc. (hereinafter "Defendant") and Defendant

John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     Plaintiff, Jason Johnson (hereafter "Plaintiff"), is an adult individual whose residence is in Madison, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Commercial Recovery Systems, Inc. ("CRS"), is a Texas business entity with an address of 8035 R.L. Thornton Freeway, Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Defendants John and Jane Does 1 - 10 are the individual collectors for the CRS, but whose names are unknown.  The Complaint will be amended to add their names when they are determined through discovery.

7.     CRS at all times acted by and through one or more of the Collectors.

2

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.　　The brother of Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.　　The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.　　The Debt was purchased, assigned or transferred to CRS for collection, or CRS was employed by the Creditor to collect the Debt.

11.　　The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CRS Engages in Harassment and Abusive Tactics

## FACTS

12.　　Beginning on or about February 7, 2013, Defendants started contacting Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's residential telephone.

13.　　The Debt does not belong to Plaintiff and Plaintiff was not a co-signer on the Debt.

14.　　During the initial phone conversation and all those thereafter, CRS stated it was looking to contact James Johnson, who is the brother of Plaintiff.

15.　　During each conversation, Plaintiff informed CRS that he was not who they were calling for and that his brother could not be reached at Plaintiff's number.

16.　　In response, CRS falsely stated Plaintiff's brother had placed Plaintiff as a reference on the account related to the alleged Debt.

17.     Plaintiff repeatedly explained to CRS that his brother did not place him as a reference and requested CRS cease all calls to Plaintiff's residential telephone.

18.     Despite these repeated requests, CRS continued to place calls to Plaintiff in its collection efforts.

### C. Plaintiff Suffered Actual Damages

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25.    The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26.    The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.    The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, et seq.)
### (Against Defendants United only)

29.    The Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

30.    The Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

31.    The Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

32.    At all relevant times the Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

33.    O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

34.    O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

35.    Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

36.    Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

37.     Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

38.     Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## COUNT III

### (Invasion of Privacy by Intrusion upon Seclusion)

39.     Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

40.     The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41.     Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

42.     Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls, abusing the Plaintiff with condescending and obscene language, and threatening legal action.

43.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

44.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

46.     Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7

7.  Such other and further relief as this Court may determine to be just and

proper.


Dated: <u>April 8, 2013</u>


Respectfully submitted,

By:  <u>/s/ *Sergei Lemberg*</u>

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Jason Johnson

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by

law, on all triable issues.


<u>/s/ *Sergei Lemberg*</u>
Sergei Lemberg, Esq.
